# United States District Court
### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**Nathan DeShawn Benson**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:15-mj-63

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

   ☐ an offense for which the maximum sentence is life imprisonment or death.

   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.

   ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged in the May 29, 2014 bank robbery of a PNC Bank in Galesburg, MI, in which a revolver was held at the base of a man's skull and the employees were forced into a vault during the robbery. $36,000 was taken. The lone robber, a black male, was heard speaking to another person on a hand-held device during the robbery and was seen escaping in a blue, medium-sized sedan. Two days prior to the robbery, defendant rented a blue Chrysler 200 LX in Chicago, drove it to Grand Rapids, where he parked it in the back yard of a female witness (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for future court proceedings since he is unemployed and has no ties to this area. Based upon the Complaint, defendant may have amassed as much as $80,000 from the three robberies at issue and could rob further banks if necessary to obtain further funds to finance flight from the court. The latter, however, segwegs into the second issue and here, the court finds (continued on attachment

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 23, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:15-mj-00063-HWB ECF No. 10 filed 04/24/15 PageID.22 Page 2 of 2

United States v. **Nathan DeShawn Benson**
1:15-mj-63
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

on May 29, 2014, and returned it to the rental agency in Chicago on May 30, 2014. The woman told police that on the afternoon of May 29th, she went shopping at a mall with the defendant, and his brother named Johnson, whom she was dating and who was unusually liberal with his spending. She also identified the defendant as being the same person who appeared in the PNC video robbing the bank.

Another man also identified a black male who visited his apartment on the morning of May 29th in the company of Johnson as being the man who was seen in the PNC video robbing the bank.

Notwithstanding that Benson, the half-brother of Johnson, has no contacts to the Western District of Michigan, but lives in the Northern District of Illinois, his cell phone was found to be activated and in communication with another phone in the area of the bank robbery during the time of the robbery on May 29.

Two pictures from a surveillance camera in the bank appear to show defendant in the bank. One of them appears to show the defendant pointing a gun at the head of a customer or an employee.

This robbery was followed by two other robberies of a very similar nature. A man who was part of a group of men from Chicago who were arrested after they came to Michigan to rob a bank reviewed the bank surveillance photograph from the May 29 robbery and identified the bank robber as the defendant. This same person also stated that the defendant told him that he and his brother had robbed a bank, although it is not clear whether defendant was referring to this robbery or one of two subsequent robberies in the string of similar robberies that were committed here in Western Michigan.

**Part II - Written Statement of Reasons for Detention** - (continued)

by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of the defendant's willingness to use a firearm to threaten employees, take over a bank and rob it, and apparently to do so on more than one occasion, although one occasion would be sufficient to arrive at this conclusion. In light of the defendant's apparent willingness to plan and execute an armed armed robbery of a bank in another city (where he is less likely to be known), which put in jeopardy the lives of those in the bank, the Court can think of no conditions which would assure the safety of the public from the possibility of such repeated conduct in the future if the defendant were put back on the street. Where there is substantial evidence that in fact there was such repeated conduct over the better part of a year, the deliberate and calculating nature of this behavior only solidifies this conclusion.